## Beck v. Brennan

*Spencer M. Wertheimer*, for plaintiffs.
*William H. Pugh, IV*, for defendant.

HONEYMAN, J., November 28, 1972.—Plaintiffs filed a complaint in trespass on March 27, 1972. Defendant filed preliminary objections to counts 8 and 9 of plaintiffs' complaint on April 21, 1972. On October 17, 1972, after oral argument before the court en banc, the preliminary objections to counts 8 and 9 of plaintiffs' complaint were sustained. On October 20, 1972, judgment was entered for defendant on counts 8 and 9. Plaintiffs appealed therefrom.

The complaint avers that on September 2, 1971, the father-plaintiff was operating his vehicle with three minor plaintiffs as passengers when the vehicle came into a collision with a car operated by defendant. The other counts of the complaint concern themselves with the claims by or on behalf of the father and the three children. The mother-plaintiff was not a passenger in the vehicle. The complaint further avers that the mother-plaintiff, when notified of the accident, suffered a nervous and mental breakdown causing her to be hospitalized for 45 days but commencing 56 days after the collision. In count 8, plaintiff mother seeks to recover for her mental anguish and related afflictions; in count 9, her husband seeks to recover medical expenses incurred on behalf of his wife as well as loss of consortium.

There is no doubt that existing case law in Pennsylvania precludes the wife-plaintiff's recovery and her husband's derivative claims. Plaintiffs rely heavily on Niederman v. Brodsky, 436 Pa. 401 (1970). That case relaxed the requirement of a physical impact before a plaintiff could recover for mental and emotional injuries.

The Supreme Court of Pennsylvania said on page 413 of the Niederman case:

"We today chose to abandon the requirement of a physical impact as a precondition to recovery for damages proximately caused by the tort in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact."

In the instant case, plaintiff was not in the vicinity of the alleged negligent force. Plaintiffs' interpretation of the Niederman case goes far beyond the holding therein, and it is not appropriate for this court to

extend it to a claim for damages flowing from the alleged emotional reaction of this lady who presumably was at home when she learned of her husband's and children's involvement in a vehicle collision. Undoubtedly, she was distressed therefrom, but it is not for us to expand the Niederman doctrine to encompass her claims.